UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH ELLEN SCHULZ,   Case No. 4:06-CV-23

    Plaintiff,   Hon. Richard Alan Enslen

v.

HOPE NETWORK
REHABILITATION SERVICES,

**OPINION**

    Defendant.    /

This matter is before the Court on Defendant Hope Network Rehabilitation Services' Motion for Summary Judgment pursuant to Federal Rule of Procedure 56.[1] The Motion has been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

**I.   BACKGROUND**

In June 2005, Plaintiff filed a complaint in state court against Defendant. Plaintiff alleged in her state lawsuit that she had been terminated from her position with Defendant in violation of the Michigan Whistleblower's Protection Act and her discharge was a breach of contract. (Def.'s Mot. Ex. A.) Defendant failed to timely file its answer and default was entered against it. A motion to set-aside the default was subsequently denied. As a result, the allegations made in the state complaint were deemed to be true and Defendant was limited to defend the state court action solely

---

[1] At this time the Court would like to instruct Plaintiff's counsel that if he plans to continue to practice in this district, he utilize an appropriate PDF program with which to e-file his documents. The Court notes that the document Plaintiff's counsel submitted to the Court has the title of his current PDF program emblazoned diagonally across the whole of each page submitted, thereby obscuring the text of his response and leaving the Court to wonder if the purpose of the obscuring words is to deter people from using such a program without purchasing it.

on the issue of damages suffered by Plaintiff. After a case evaluation, both parties accepted the valuation and the case was resolved. Final judgment entered on June 6, 2006.

Before the conclusion of Plaintiff's state court action, on March 3, 2006, Plaintiff filed this federal court action against Defendant. Plaintiff alleges violations under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101 *et seq.*, Title VII of the Federal Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). Defendant now moves the Court to grant summary judgment on the basis that Plaintiff's claims are barred under the doctrine of *res judicata*.

## II.    LEGAL STANDARDS

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in [its] favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies its burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED.

R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

### III.  DISCUSSION

Defendant argues Plaintiff's claims should be barred because of the doctrine of *res judicata*, or more accurately claim preclusion.[2] Defendant asserts Plaintiff had the opportunity to bring these instant claims when she brought her first state court action against them. Plaintiff failed to do so and therefore, pursuant to claim preclusion, she is not allowed a second chance.

---

[2]For the purposes of clarity the Court notes there is often confusion that surrounds the "vocabulary and concepts of the law of preclusion." *Heylinger v. State Univ. & Cmty. College Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). To that end the Supreme Court has instructed that:

> the preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology, attributable to the evolution of preclusion concepts over the years. These effects are referred to collectively by most commentators as the doctrine of "*res judicata*." *Res Judicata* is often analyzed further to consist of two preclusion concepts: "issue preclusion" and "claim preclusion." Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar.

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

A. Claim Preclusion

Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a "federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state." *Heyliger*, 126 F.3d at 851-52; *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004). Plaintiff appears to argue the federal test for claim preclusion is applicable in this situation. (Pl.'s Resp. 3-4.) However, "[t]he preclusive effect of a state court judgment is determined by that state's law." *Exec. Arts Studio, Inc.*, 391 F.3d at 795 (citing *Peterson Novelties, Inc.*, 305 F.3d 386, 394 (6th Cir. 2002)). Under Michigan law, claim preclusion bars a second, subsequent action "when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State of Mich.*, 470 Mich. 105, 121 (2001) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575 (2001)). Further, Michigan broadly defines claim preclusion to "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*. (citation omitted).

In the instant case, it is undisputed that the previous state action was decided on its merits and that the parties involved are identical. (*See* Pl.'s Resp. at 4); *see also Schwartz v. Flint*, 466 N.W.2d 357, 359-60 (Mich. App. 1991) (holding *res judicata* applies to default judgment and consent judgments). Therefore, only the third factor remains at issue: whether through due diligence the federal claims could have been brought at the time of the first action. In determining whether a subsequent action between the same parties could have been brought at the time of the first action, Michigan employs the "same transaction" test. *Adair*, 470 Mich. at 123-24. Pursuant to the same transaction test,

4

> a claim is viewed in factual terms and considered coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff and regardless of the variations in the evidence needed to support the theories or rights.

*Id*. (internal citations omitted). "Whether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin, or motivation*, and whether they form a convenient trial unit." *Id*. (citations omitted) (emphasis in original).

Upon review, it is clear that even in a light most favorable to Plaintiff, her federal court action and previous state court action constitute a single transaction for the purposes of claim preclusion. Plaintiff's original state claims are for breach of contract and a violation of the Michigan Whistleblower's Protection Act. These state claims addressed her treatment by Defendant during her seven weeks of employment and subsequent termination. Her federal claims seek the same. Plaintiff now asserts she was terminated in violation of the ADA (Count I) and the termination was "contrary to public policy" (Count III). Further, in Count II, Plaintiff alleges her pay-rate while employed by Defendant violated the EPA and Title VII. All of these federal claims arise from the same transaction – namely her short employment with Defendant. These three claims are clearly related in time, space, origin and motivation as they all involve the same parties, the same limited time period, and the actions of Defendant during that time period in regards to Plaintiff's employment. As a result, all of these claims, the previous state claims and the federal claims at issue, would have formed a convenient trial unit. Therefore, the Court find that there is no genuine issue of material fact as to whether claim preclusion bars Plaintiff's federal claims. Accordingly, summary judgment on the issue is appropriate.

B. Amendment to Complaint

Plaintiff argues her Title VII and ADA claims are not barred by claim preclusion because she did not receive her right to sue letter from the Equal Employment Opportunity Commission ("EEOC") until after she had filed her complaint in the state action.[3] Plaintiff further argues that she was not compelled to amend her state court complaint to include the federal claims. The Sixth Circuit Court of Appeals addressed this issue in *Heyliger*. In *Heyliger*, the Sixth Circuit determined that claim preclusion barred a plaintiff's federal action where a plaintiff could have obtained a right-to-sue letter from the EEOC during the pendency of his state lawsuit and amended his complaint to include the Title VII action.[4] *Id.* at 855-56. Further, the Michigan Court of Appeals has held that claim preclusion will apply to bar claims which could have been included in the original action by amendment.[5] *Schwartz*, 466 N.W.2d at 360. As in *Heyliger*, Plaintiff could have amended her state

---

[3] To the extent Plaintiff appears to argue she needed an EEOC right-to-sue letter before she could initiate her EPA claim, Plaintiff is mistaken. *See County of Washington v. Gunther*, 452 U.S. 161, 175 n.14 (1981) (holding that unlike Title VII, the Equal Pay Act does not require the filing of administrative complaints).

[4] The Court notes that *Heyliger* was decided under Tennessee's law of claim preclusion which requires "the same parties acting in the same capacities and touches the same subject matter as the first lawsuit . . . [t]hus, the doctrine of res judicata bars consideration of all claims that were or *reasonably could have been litigated* in the state court action." *Id.* at 854 (internal citations omitted) (emphasis in original). The Sixth Circuit also stated "[w]hether the reasoning behind our holding should apply to state suits brought elsewhere in this circuit will depend . . . on the law of claim preclusion in the particular state." *Id.* at 856. Here, where the Michigan law of claim preclusion is similarly broad, so as to allow preclusion of claims which *could have been brought*, the Court finds *Heyliger* applicable.

[5] In *Schwartz*, the plaintiff argued that *res judicata* did not bar a claim for money damages for an unconstitutional taking because such a claim could not have been brought in his first suit as such a remedy had not been expressly recognized at the time the suit was initially filed. *Id.* 466 N.W.2d at 360. The Michigan Court of Appeal disagreed, holding that "at the very least, plaintiff was clearly apprised of the possibility of claiming damages before termination of his prior suit. Amending his complaint to include a claim for money damages would have been a

6

complaint after she received her right to sue letter approximately six months before the state court action concluded. (Def.'s Mot. Exs. B & E.) Her federal claims could have been litigated at the time as her state action, therefore under Michigan's claim preclusion law, these claims are barred.

    C.    Jurisdiction over Federal Claims

Plaintiff asserts she could not bring her federal claims in state court. Plaintiff did not support this claim with case law, nor could she. Title VII, ADA and Equal Pay Act claims may all be pursued in the state courts. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) (holding that state courts have concurrent jurisdiction over Title VII claims); *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) (holding state courts have concurrent jurisdiction over ADA claims); *see also Krouse v. American Sterilizer Co.*, 872 F. Supp. 203, 205 (W.D. Penn. 1994) (same); 29 U.S.C. § 216(b) (Equal Pay Act may be brought in any federal or state court). Therefore, this argument is baseless and does not raise a genuine issue of material fact.

**IV.**    **CONCLUSION**

Therefore, the Court will grant Defendant's Motion for Summary Judgment. A Judgment consistent with this Opinion shall issue.

Dated in Kalamazoo, MI:                        /s/Richard Alan Enslen
January 31, 2007                                  Richard Alan Enslen
                                                                Senior United States District Judge

---

viable means for plaintiff to establish his claim for damages in that suit." *Id*.